UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KAREN HAUGEN, P.L., a minor child, and MAY LANSDEN,

Plaintiffs,

v.

MOLLY FIELDS, CITY OF UNION GAP, LARRY WORDEN, ROBERT ALMEIDA, SHAWN JAMES, ED LEVESQUE, L. McKINLEY, H. RIVERA, CHASE KELLOGG, and JOHN DOES one through five,

Defendants.

NO. CV-05-3109-RHW

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs' Motion for Reconsideration of Order on Summary Judgment Motions (Ct. Rec. 88). The motion was heard without oral argument.

## DISCUSSION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Plaintiffs asserts that the Court committed clear error when it ruled that Defendant Fields is entitled to absolute immunity in regard to any claim that she violated Plaintiffs' constitutional rights when she assisted in the execution of the court-issued pickup order. In so ruling, the Court relied on *Coverdell v. Dep't of Soc. and Health Servs.*, 834 F.2d 758 (9th Cir. 1987). Plaintiffs argue that *Coverdell* is no longer good law. It is true that *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc) overruled the "in connection with" test and instead applied a functional test. In doing so, the Circuit rejected the *reasoning* of the earlier cases involving immunity, but did not necessary reject the outcome of the earlier cases. *See Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006), J. Gould, concurring, (suggesting that a corrections official who executes a valid court order is entitled to absolute immunity from liability based on the fact of a prisoner's incarceration, and relying, in part, on *Coverdell*). Even so, the Court agrees with Plaintiff that *Miller* requires the Court to re-examine its reasoning in its previous order.

In *Miller*, the Ninth Circuit held that to enjoy absolute immunity for a particular action, the official must be performing a duty functionally comparable to one for which officials were rendered immune at common law. *Miller*, 335 F.3d at 897. Thus, when the social worker is initiating a prosecution and presenting evidence the social worker is absolutely immune from § 1983 claims. When a prosecutor is performing investigatory or administrative functions, or is essentially functioning as a police officer, he or she is entitled only to qualified immunity. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Swift v. California*, 384 F.3d 1184, 1186 (9th Cir. 2004) (holding that parole officers are not absolutely immune from suits arising from conduct distinct from the decision to grant, deny, or revoke parole).

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**

Even if the Court erred in holding that Defendant Fields is entitled to absolute immunity for her role in executing the court order, this does not end the inquiry, however, because Defendant Fields may be entitled to qualified immunity. In analyzing a qualified immunity defense, the Court must first determine whether a Constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If a violation of a Constitutional right is found, the Court must then ask whether the right was clearly established when viewed in the specific context of the case. *Id.* "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* An official's claim of qualified immunity will be defeated if, "in the light of pre-existing law," the unlawfulness of her conduct was "apparent." *Grossman v. City of Portland*, 33 F.3d 1200, 1208 (9th Cir. 1994).

In *Grossman*, the Circuit held that where a police officer had probable cause to arrest someone under a statute that a reasonable officer could believe is constitutional, the officer will be immune from liability even if the statute is later held to be unconstitutional. *Id.* at 1209. The Circuit recognized, however, that where a statute authorizes official conduct which is patently violative of fundamental constitutional principles, an officer enforcing that statute is not entitled to qualified immunity. *Id.* at 1210. Notably, in *Grossman,* the Circuit referred to historical events such as the Holocaust and the My Lai massacre as examples where individuals cannot always be held immune for the results of their official conduct simply because they were enforcing policies or orders promulgated by those with superior authority. *Id.*

In viewing the facts in the light most favorable to Plaintiff, the Court does not find that the court pickup order authorized conduct that was patently violative of fundamental constitutional principles. As a result, Defendant Fields is entitled

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**

1 to qualified immunity for her role in executing the court pickup order.

2 Plaintiffs also urge this Court to reconsider its ruling that Defendant Fields is entitled to absolute immunity with respect to the claim that she violated their procedural due process rights by failing to give them adequate notice. The Court concludes that providing notice is part of the traditional functions of an advocate in a criminal prosecution, and, as such, Defendant Fields is entitled to absolute immunity.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration (Ct. Rec. 88) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 9th day of March, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Haugen Lansden\reconsider.wpd

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 4**