UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN HAUGEN, P.L., a minor child, and MAY LANSDEN,<br><br>Plaintiffs,<br><br>v.<br><br>MOLLY FIELDS, CITY OF UNION GAP, LARRY WORDEN, ROBERT ALMEIDA, SHAWN JAMES, ED LEVESQUE, L. McKINLEY, H. RIVERA, CHASE KELLOGG, and JOHN DOES one through five,<br><br>Defendants. | NO. CV-05-3109-RHW<br><br>**ORDER DENYING DEFENDANT MOLLY FIELDS' SECOND MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant Molly Fields' Second Motion for Summary Judgment (Ct. Rec. 93). The motion was heard without oral argument.

On January 5, 2007, the Court ruled that Defendant Molly Fields was entitled to absolute and qualified immunity for participation in a temporary custody hearing that resulted in the removal of P.L. from his home for 72 hours. The Court also granted absolute immunity for Defendant Fields' role in executing the court pick-up order.

The Court denied both parties' motions for summary judgment with respect to Plaintiff's claims that Plaintiff's and P.L's right to family integrity and association were violated when she directed the foster mother to have P.L. examined by a physician. The Court concluded that genuine issues of material fact

**ORDER DENYING DEFENDANT MOLLY FIELDS' SECOND MOTION FOR SUMMARY JUDGMENT ~ 1**

exist as to whether Plaintiffs' constitutional rights were violated when Defendant Fields instructed the foster mother to have P.L. examined without notice to the parents.

Defendant Molly Fields then filed her second motion for summary judgment asserting that there is no question of material fact that she did not direct P.L. to be examined by a doctor for investigative purposes.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). The moving party had the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

Here, in viewing the facts in the light most favorable to Plaintiffs, the non-moving parties, the Court finds that there are genuine issues of material fact regarding Defendant Fields' role in causing P.L. to be subjected to a medical examination.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant Molly Fields' Second Motion for Summary Judgment (Ct. Rec. 93) is **DENIED**.

2.  Motion to Expedite Hearing on Motion for Leave of Court to Withdraw as Counsel for Plaintiff Tracy Lansden (Ct. Rec. 105) is **DENIED** as moot.

3.  Motion to Expedite Hearing on Motion for Appointment of Guardian

Ad Litem (Ct. Rec. 111) is **DENIED** as moot.

    4.    Motion for Leave to File Excess Pages with Respect to Summary Judgment Brief (Ct. Rec. 124) is **GRANTED**.

    5.    Motion to Expedite Hearing on Motion to Exceed Page Limitation (Ct. Rec. 126) is **GRANTED**.

    6.    Motion for Leave to File Extra Length Brief (Ct. Rec.146) is **GRANTED**.

    7.    Motion to Expedite Hearing (Ct. Rec. 148) is **GRANTED**.

    8.    Motion to Exceed Page Limitation (Ct. Rec. 155) is **GRANTED**.

    9.    Motion to Expedite Hearing on Motion to Exceed (Ct. Rec. 157) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of May, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Haugen Lansden\deny.sj.wpd

**ORDER DENYING DEFENDANT MOLLY FIELDS' SECOND MOTION FOR SUMMARY JUDGMENT ~ 3**