UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KAREN HAUGEN, P.L.,a minor ) No. CV-05-3109-RHW
child, and MAY LANSDEN, )
                                )   ORDER ADOPTING SPECIAL
            Plaintiffs,         )   MASTER'S REPORT AND
                                )   RECOMMENDATION REGARDING
v.                              )   PROPOSED SETTLEMENT AS TO
                                )   THE MINOR CHILD, P.L.
MOLLY FIELDS, CITY OF UNION     )
GAP, LARRY WORDEN, ROBERT       )   ---- **ACTION REQUIRED** ----
ALMEIDA, SHAWN JAMES, ED        )
LEVESQUE, L. McKINLEY, H.       )
RIVERA, CHASE KELLOGG and JOHN  )
DOES 1 THROUGH IV               )
                                )
            Defendants.         )

     No objections having been filed, the undersigned adopts the

Report and Recommendation filed November 28, 2007 (Ct. Rec. 191), by

U.S. Magistrate Judge Cynthia Imbrogno, regarding the proposed

settlement as to the minor child, P.L.   Attorney James Elliott

Lobsenz, Carney Badley Spellman, P.S., represents Plaintiffs, P.L.,

a minor child, and May Lansden.   Assistant Attorneys General John K.

McIlhenny, Jr., and Wendy S. Lux represent Defendant Molly Fields;

Attorneys G. Scott Beyer, and Kirk A. Ehlis, Menke Jackson Beyer

Elofson Ehlis & Harper, represent Union Gap Defendants.

     Having considered the Report and Recommendation, the files as

ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION
REGARDING PROPOSED SETTLEMENT AS TO THE MINOR CHILD, P.L. - 1

supplemented, including the averments of P.L.'s counsel and the GAL reports, the undersigned concludes the settlement offer of $5,000 to P.L., in exchange for dismissal of all his claims against the Union Gap Defendants, is reasonable under the circumstances.

Since the record does not reflect out-of-pocket costs advanced by Plaintiffs' law firm that can be traced to the minor Plaintiff, **IT IS ORDERED** that no costs be assessed against the minor child's settlement. It is the finding of the undersigned that 25% of the minor settlement for attorney fees is reasonable (25% of $5,000.00), as no costs, other than attorney fees, are assessed against the minor.

The GAL costs of $1,628.07 are found to be reasonable. **IT IS ORDERED** that the GAL be paid from the court's non-appropriated fund, rather than from the minor settlement.

In light of the GAL's recommendation and the Family Court Investigator's Report, Ct. Rec. 189 at 3, **IT IS ORDERED** that no later than 15 (fifteen) business days from the date of this Order, the minor Plaintiff's net settlement funds be placed into the Yakima County Superior Court registry, to be held until further order of the Yakima County Superior Court in the pending custody matter (No. 06-3-00689-8) appointing a suitable protective payee and/or until P.L. reaches the age of majority.

Dated this 4th day of January, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE