UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN HAUGEN, P.L., a minor child, and MAY LANSDEN,<br><br>Plaintiffs,<br><br>v.<br><br>MOLLY FIELDS, CITY OF UNION GAP, LARRY WORDEN, ROBERT ALMEIDA, SHAWN JAMES, ED LEVESQUE, L. McKINLEY, H. RIVERA, CHASE KELLOGG, and JOHN DOES one through five,<br><br>Defendants. | NO. CV-05-3109-RHW<br><br>**ORDER DENYING MOTION FOR RULE 54(b) CERTIFICATION OF PRIOR RULING** |

Before the Court is Plaintiffs' Motion for Rule 54(b) Certification of Prior Ruling Dismissing Some of Plaintiffs' Claims Against Defendant Fields, and for Order Staying Trial of Other Claims (Ct. Rec. 215). The motion was heard without oral argument.

On January 7, 2007, the court dismissed the following claims asserted against Defendant Fields: (1) Fourteenth Amendment procedural due process claims for lack of notice to the parents; (2) First Amendment retaliation claims; (3) Malicious prosecution claim; and (3) Fourteenth and Fourth Amendment claims for illegal execution of search warrant and seizure of P.L. The remaining claim against Defendant Fields is whether Plaintiff Haugen's Fourteenth Amendment rights to family integrity and association and P.L's Fourth Amendment rights were violated when P.L was subject to a medical examination.

**ORDER DENYING MOTION FOR RULE 54(b) CERTIFICATION OF PRIOR RULING** ~ 1

Fed. R. Civ. P. 54(b) states:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(Emphasis added).

Factors the Court considers in determining whether there is no just reason for delay include: (1) consideration of the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units; (2) whether the adjudicated claims were separable from the others; (3) whether the nature of the claim was such that no appellate court would have to decide the same issues more than once; and (4) whether the case is complicated or routine. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 877 (9th Cir. 2005) (*citing Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980)).

Here, the Court finds that Plaintiffs have not demonstrated that there is no just reason for delay.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Rule 54(b) Certification of Prior Ruling Dismissing Some of Plaintiffs' Claims Against Defendant Fields, and for Order Staying Trial of Other Claims (Ct. Rec. 215) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 11th day of September, 2008.

*S/ Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Haugen Lansden\deny54b.wpd

**ORDER DENYING MOTION FOR RULE 54(b) CERTIFICATION OF PRIOR RULING** ~ 2